SELLERS, Appellant, vs. THE FIRST PRESBYTERIAN CHURCH OF
West Superior and others, Respondents.

*October 23 — November 8, 1895.*

*Pleading: Voluntary assignment.*

An allegation that one A. was duly appointed assignee of the firm of
B. & Co. and thereafter duly qualified as such assignee and entered
into the discharge of his trust, cannot be considered as an allega-
tion that B. & Co. made a general assignment to A. for the benefit
of creditors.

APPEAL from an order of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of
*John B. Arnold.* To the point that the allegation that E. A.
Arnold was duly appointed assignee of W. A. Boyd & Co.,
and thereafter qualified as such and entered into the dis-
charge of his trust, etc., implies that the contract was in
writing and valid under the statute, he cited *Robbins v. Dev-
erill,* 20 Wis. 146; *Bank of River Falls v. German Am. Ins.
Co.* 72 id. 538; *Skinner v. Richardson, B. & Co.* 76 id. 464;
*Jones v. Davis,* 22 id. 421.

For the respondents there was a brief by *Ross, Dwyer &
Hanitch* and *Reed & Reed,* and oral argument by *W. D.
Dwyer.*

WINSLOW, J.    This is an action to foreclose a mechanic's
lien upon the defendant's church building, brought by the
plaintiff, who claims to own the claim for lien by virtue of
an assignment from the original contractor. The claim was
the property of William A. Boyd & Co., and the allegations
which are relied on to show that the claim was assigned to
the plaintiff are as follows: " That on the 18th day of Au-
gust, 1892, E. A. Arnold was duly appointed assignee of
W. A. Boyd & Co., and thereafter duly qualified as such as-
signee and entered into the discharge of his trust;" and

that thereafter the said Arnold, as such assignee, duly sold,. assigned, and transferred the claim in question to the plaint-- iff. A general demurrer to the complaint was sustained on the ground that the complaint does not show any assign- ment of the claim to the plaintiff.

The ruling was plainly right. The allegation that Arnold was appointed assignee of the firm of Boyd & Co., and quali- fied as such, cannot be considered as an allegation that Boyd & Co. made a general assignment to Arnold for the benefit of creditors. We may guess that this is what the pleader meant, but the pleading does not say so. No voluntary as- signment for the benefit of creditors being alleged, it is clear that the pleading nowhere alleges, either directly or by im- plication, that Boyd & Co. ever assigned this claim to any one. Such an allegation was essential, and its absence is fatal to the complaint. R. S. sec. 3322.

*By the Court.*— Order affirmed.